IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MELISSA D. WATTS                                                                                                  PLAINTIFF

v.                                            4:23-cv-00821-LPR-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                       DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Melissa Watts, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 17-30.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-seven years old. (Tr. 42.)  She attended college and earned an associate degree in nursing.  (Tr. 42, 63.)   She has past relevant work as a nurse.  (Tr. 28.)

The ALJ[1] found Ms. Watts has not engaged in substantial gainful activity since the period from her alleged onset date of May 15, 2019, through the date she was last insured on December 31, 2021.  (Tr. 20.) She has "severe" impairments in the form of "obesity, osteoarthritis, peripheral neuropathy, and right Achilles tendon impairment with surgical repair and subsequent surgical

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

wound infection." (*Id*.)  The ALJ further found Ms. Watts did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-22.)

The ALJ determined Ms. Watts had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 23.)  Given his RFC finding, the ALJ determined Ms. Watts could no longer perform her past relevant work as a nurse. (Tr. 28.)  Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 55-58.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of order clerk, addresser, and document preparer - despite her limitations. (Tr. 29.)  Accordingly, the ALJ determined Ms. Watts was not disabled. (Tr. 30.)

After initially remanding the case for further development of the record, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Watts argues that the ALJ failed to develop the record. (Doc. No. 8 at 7-11.)  She argues that the ALJ erred in not ordering further consultative examinations and that, "Plaintiff's case must be reversed and remanded for an adequate development of the medical evidence regarding the full and complete range of her residual functional capacity stemming from the entirety of her multiple impairments." (*Id.* at 11.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff can perform a reduced range of sedentary work activities. As the Commissioner points out:

> Here, the ALJ found persuasive the August 12, 2019, and January 27, 2020, prior administrative medical findings of two stage agency medical consultants, who both concluded Plaintiff could perform sedentary work with additional postural and manipulative limitations (Tr. 27, 89-91, 104-07). Accordingly, the ALJ appropriately relied on these findings, in part, to assess Plaintiff's RFC (Tr. 23). *See Bowers v. Kijakazi*, 40 F.4th 872, 875-76 (8th Cir. 2022) (ALJ may rely on prior administrative medical findings in determining RFC). However, the ALJ also considered other record evidence in assessing a very restrictive RFC, as the decision demonstrates, including evidence showing improvement with treatment, many normal objective findings, and an ability to engage in certain daily activities (Tr. 20-28).

(Doc. No. 10 at 5-6.)

Plaintiff further argues that the ALJ committed reversible error at Step Two. Plaintiff says:

> There is no substantial evidence to support the defendant's decision that the plaintiff was not disabled where the Administrative Law Judge erred at Step Two in his severity analysis by (1) applying the wrong legal standard in adjudication of Plaintiff's headaches; (2) failing to find that the plaintiff's postoperative spine impairment with recurrent disc met severity; and (3) failing to find that the plaintiff's bilateral lower extremity pitting edema condition met severity. [Tr. 20] Of these, the most serious focus on appeal is the nonseverity of the spine impairment.

(Doc. No. 8 at 11-14.)

After careful consideration of Plaintiff's arguments and the Commissioner's response, (Doc. No. 10 at 8-11), I find the Commissioner's position to be persuasive. As the Commissioner correctly argues, "Finally, even if Plaintiff could establish that her back impairment was severe during the relevant period, which she has not done, Plaintiff has failed to show that her back impairment would require limitations beyond those already included in the ALJ's very restrictive RFC finding limiting Plaintiff to sedentary work (Tr. 23). See Pl. Br. at 11-14; *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (claimant bears burden of proving RFC)." (*Id.* at 11.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s)*.  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities*.  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

While Ms. Watts' burden of proving these impairments significantly limit her ability to perform basic work activities "is not great," *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001), the ALJ could rightly find it was not a "severe" impairment when its impact was minimal on her ability to work. *Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir. 1996). Not to mention the ALJ's accounting for her impairments in his RFC assessment.

Plaintiff also argues that the ALJ incorrectly evaluated her subjective symptoms. (Doc. No. 8 at 14-17.) The ALJ analyzed Ms. Watts' symptoms considering Social Security Ruling 16-3p. (Tr. 23-24.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Watts' subjective complaints. (Tr. 23-28.) In doing so, the ALJ concluded:

> Furthermore, the undersigned has considered the claimant's subjective complaints and statements about the intensity, persistence, and limiting effects of their symptoms and any evidence relating to the claimant's daily activities, the duration, frequency, and intensity of the claimant's pain, the dosage and effectiveness of medication, precipitating and aggravating factors, and functional restrictions. While these factors have not been set forth in a methodical fashion, the undersigned considered these factors relative to the limitations caused by the claimant's impairments. Accordingly, the undersigned finds the claimant has the above residual functional capacity.

(Tr. 17.)

Plaintiff might feel the ALJ has provided boilerplate language that has little meaning or value. However, I consider the ALJ to have performed his sworn duty to fairly evaluate and decide this case on the evidence. And the ALJ's conclusions are supported by the objective medical evidence. As the Commissioner argues:

> [T]he record contained many normal objective examination findings (Tr. 20-21, 25-27, 508, 516, 519, 634, 662, 666-67, 741-43, 820-21, 832) . . . . [T]he ALJ considered more than just objective evidence in evaluating and discounting Plaintiff's complaints of disabling symptoms. For her osteoarthritis in her knees, the ALJ considered that Plaintiff was prescribed pain medication, received steroid injections, and eventually underwent surgery in August 2019 (Tr. 24-25). The surgery led to improvement in Plaintiff's gait (particularly after her foot surgery) (Tr. 20-21, 24-25, 742-43, 820-21, 832). The ALJ also considered Plaintiff's surgery on her right foot and Achilles tendon and subsequent infection treatment, and reasonably concluded the surgery was effective (Tr. 25). See *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). Additionally, the ALJ considered the intensity of Plaintiff's pain, including Plaintiff's repeated statements to her podiatrist that she was pain free after recovering from her surgery/infections (Tr. 25, 763-65, 775, 778-79). See 20 C.F.R. § 404.1529(c)(3)(ii); *Polaski*, 739 F.2d at 1322. The ALJ's symptom evaluation also involved consideration of Plaintiff's daily activities, which the ALJ concluded were, at least at times, greater than alleged and involved taking care of young kids and housework (Tr. 26, 781). See 20 C.F.R. § 404.1529(c)(3)(i); *Polaski*, 739 F.2d at 1322. The ALJ further considered and found persuasive the prior administrative medical findings of state agency medical consultants (Tr. 27). See 20 C.F.R. § 404.1529(c)(3).

(Doc. No. 10 at 12-13.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms

7

is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the ALJ erred in his residual functional capacity assessment - that I find are without merit. Ms. Watts' counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of January 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE